IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>  )<br>            Plaintiff,   )<br>  )<br>v.   )<br>  )<br>CURTIS K. GILLESPIE,   )<br>  )<br>            Defendant.   )<br>_____)  | Crim. Action.<br>No. 04-10236-01-WEB |

**Memorandum and Order**

This matter came before the court on the defendant's objections to the Presentence Report. The court ruled orally on the objections at the sentencing hearing of October 3, 2005. This written memorandum will supplement the court's oral rulings.

The defendant filed four objections to the Presentence Report. At the sentencing hearing, defense counsel made clear that the objections did not challenge the factual allegations in the Report, but went to the issue of whether the enhancements or reductions at issue were appropriate under the facts in the Report.

  1. *Objection No. 1* -- Defendant challenges the addition of one criminal history point in ¶ 71 of the PSR. He argues the conviction listed in this paragraph should not count as a criminal history point under USSG § 4A1.2 because the term of probation imposed in the case was less than one year and the time served was less than 30 days.

The court finds that the addition of the criminal history point is appropriate. The available records for the conviction listed in ¶ 71 of the PSR shows that the defendant was initially given a suspended jail sentence of 30 days for the Rice County offense and placed on probation, but his probation was revoked

and he was ordered to serve the jail time. The court concludes that this qualifies as a "sentence of imprisonment of at least 30 days," notwithstanding defendant's contention that he actually served something less than 30 days. *See* USSG 4A1.2(c)(1) (prior sentence is counted if "the sentence was ... a term of imprisonment of at least thirty days,...").

2. *Objection No. 2* -- Defendant next challenges the addition of 2 points in ¶ 59 for possession of a firearm. He argues he did not possess a firearm in any drug trafficking crime.

The court finds that the enhancement for possession of a firearm is appropriate. This enhancement should be applied when a weapon was present, unless it is clearly improbable that the weapon was connected with the offense. USSG 2D1.1, comment (n.3). The facts in the Presentence Report show that the defendant was in actual or constructive possession of one or more firearms, including the firearm on his person on December 14, 2003, and the firearms later found in the residences on Chemical street and East Tenth Street in Hutchinson. Moreover, the circumstances under which these firearms were possessed show that they were related to the defendant's drug trafficking. The objection is therefore denied.

3. *Objection No. 3* -- Defendant next objects to the 2 point enhancement in ¶ 62 for "recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer," under Section 3C1.2. Defendant argues the enhancement should not apply here because ultimately stopped his vehicle and pulled over.

The court finds that the enhancement is appropriate. Section 3C1.2 of the Guidelines provides that "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."  "Reckless" refers to a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a

nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation. USSG § 2A1.4, comment. (n.1). The defendant's conduct in this case -- eluding the police by driving a vehicle at a high rate of speed, through residential areas and around a police barrier -- is the type of conduct to which this enhancement applies. *See United States v. Conley*, 131 F.3d 1387, 1390 (10th Cir. 1997) (citing cases). The objection is therefore denied

4. *Objection No. 4* -- Lastly, defendant argues that he should receive a 2-point reduction for being a minor participant in the offense. He argues that he was not the leader of the criminal activity, and that he merely did what he was told to do.

The court finds that the objection should be denied. Section 3B1.2 permits a 2-level reduction, but only for a defendant "who plays a part in committing the offense that makes him substantially less culpable than the average participant." USSG § 3B1.2, comment n.3(A). A defendant has the burden of establishing by a preponderance of the evidence that he is entitled to a reduction under this section. In this instance, Mr. Gillespie's role could not be said to be minimal or minor, as he fully participated in the drug trafficking activity on several occasions by picking up and delivering drugs. There is no evidence that he was less than a full participant, even if he was not the leader of activity. Accordingly, his objection is denied.

*Conclusion*.

The defendant's objections to the Presentence Report are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this __3rd__ Day of October, 2005, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge