**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 04-10236-WEB |
| | ) | 06-3282 |
| | ) | |
| CURTIS K. GILLESPIE, | ) | |
| | ) | |
| Petitioner/Defendant. | ) | |
| _____ | ) | |

MEMORANDUM AND ORDER

NOW before the Court is the Motion of petitioner Curtis Gillespie to Vacate, Set Aside
or Correct Sentence pursuant to 28 U.S.C. § 2255. The court has reviewed the briefs and the file.
Because these materials conclusively show the defendant is not entitled to relief, the Court finds
that no hearing on the matter is required.

I. *Background*

The defendant was charged in a Second Superseding Indictment of 17 counts relating to
drugs, firearms and drug distribution.  (Doc. 70).  The defendant entered into a plea agreement
with the United States Attorney's Office in which he pled guilty to Count 1, Conspiracy to
Possess Methamphetamine with the Intent to Distribute on July 18, 2005.  (Doc. 99).  The
defendant was sentenced on October 3, 2005.  Before the defendant was sentenced, a presentence
report was completed, and the defendant filed four objections to the presentence report.  The
Court addressed the issues at the time of sentencing, and the objections were denied.  (Doc. 111).

The defendant was sentenced to 151 months in the custody of the Bureau of Prisons. (Doc. 113). The defendant filed a Motion to Reconsider (Doc. 117) and the Motion was denied on October 24, 2005. (Doc. 119). No direct appeal was filed. The defendant filed this Motion under 28 U.S.C. § 2255 on October 6, 2006. (Doc. 129). The Government filed a Motion to Dismiss, or in the alternative, requested the Motion be denied. (Doc. 111). Defendant filed a reply brief. (Doc. 133).

II. *Defendant's 2255 Motion*

The defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 presents two issues for review. The defendant alleges ineffective assistance of counsel. Specifically, the defendant alleges defense counsel was ineffective when he failed to object to the enhancements in the presentence report, and defense counsel was ineffective when he failed to raise *Booker* violations. The Government filed a response to the defendant's motion. The defendant then filed a reply brief to the Government's response, alleging ineffective assistance of counsel as defense counsel did not file an appeal.

III. *Discussion*

The defendant entered into a plea agreement with the Government. (Doc. 99). As part of the agreement, the defendant waived his right to appeal or his right to collateral attack of any matter in connection with his case. The applicable language contained within the Plea Agreement:

> 9. <u>Waiver of Appeal and Collateral Attack</u>. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with his prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is

2

within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham,* 237 F.3d 1179, 1187 (10 Cir. 2001)] and a motion brought under Title 18, U.S.C. 3582 (c)(2).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

(Doc. 99, p. 6).

A waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made.  *United States v. Cockerham,* 237 F.3d 1179, 1183 (10th Cir. 2001).  The right to bring a collateral attack under § 2255 is a statutory right and is waivable unless it falls within the exceptions.  *Id* at 1182.  The Tenth Circuit has created a 3-prong standard to resolve appeals brought by defendants who have waived their appellant rights in the plea agreement.  The Court must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights, and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein."  *United States v. Hahn,* 359 F.3d 1315, 1325 (10th Cir. 2004).

a. Scope

The Court will construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights.  *Hahn* at 1325, quoting *United States v. Andis,* 333 F.3d 886, 890 (8th Cir. 2003).  Petitioner's plea agreement specifically includes a statement waiving the right to attack the sentence through collateral

3

review on § 2255 motion except to the extent that the Court departs upwards from the applicable sentencing guideline range determined by the Court.  (Doc. 99, p. 6).

The petitioner plead guilty to Count 1, Conspiracy to Possess Methamphetamine with the Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1) and Section 846.  The plea agreement detailed the possible penalty for Count 1 was not less than ten years and not more than life imprisonment.  (Doc. 99, p. 1).   The presentence investigation report calculated the bottom of the applicable guideline range to be 151 months.  (Doc. 19, p. 2).  On the defendant's Motion to Reconsider, the Court found the guidelines appropriately applied.  The petitioner was then sentenced to 151 months, or 12 years, 7 months.  The Court did not depart upwards from the applicable statutory sentence range, or the advisory guideline sentencing range.

b.  Knowing and Voluntariness of Petitioner's Waiver

The defendant must waive his plea knowingly and voluntarily for the waiver to be accepted.  The language of the plea agreement must state the defendant entered the agreement knowingly and voluntarily. *Hahn,* 359 F.3d at 1325, citing *United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001).  The Court must conduct an adequate Rule 11 plea colloquy.  The petitioner bears the burden to show he did not knowingly and voluntarily enter into the plea agreement. *Hahn,* 359 F.3d at 1329; *United States v. Edgar,* 348 F.3d 867, 872-73 (10th Cir. 2003).

The defendant signed and dated the plea agreement on July 18, 2005.  Applicable language in the plea agreement states, "The defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats,

duress or coercion." (Doc. 99, p. 7).  The petitioner appeared before the Court on July 18, 2005 and changed his plea to guilty.  At that time, the Court conducted a Rule 11 colloquy in which the defendant indicated his decision to change his plea.  The petitioner also signed the Plea Agreement on the same date.  The plea agreement stated, "The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily." (Doc. 99, p. 7-8).  A defendant's statements at a plea hearing "should be regarded as conclusive as to the truth and accuracy in the absence of a believable, valid reason justifying a departure from the apparent truth" of those statements. *United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988), citing *Hedman v. United States,* 527 F.2d 20, 22 (10th Cir. 1975).  Petitioner has not shown he did not enter the plea agreement knowingly or voluntarily.

c.  Miscarriage of Justice

Enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of four situations.  Appellate waivers are subject to certain exceptions; (1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful.  *Hahn,* 359 F.3d at 1327.  To satisfy the fourth factor, the error must seriously affect the fairness, integrity or public reputation of judicial proceedings.  *Id.*

The Court did not rely on an impermissible factor such as race.  The defendant does not allege ineffective assistance of counsel in connection with the negotiation of the waiver.  The issues raised by the defendant pertain to sentencing, not the validity of the waiver.  According to

5

Cockerham, "[d]efendant's § 2255 ineffective assistance claim regarding sentencing for his drug convictions does not relate to the validity of the plea or the waiver," and the Court held that "he has waived the right to bring that challenge so long as he knowingly and voluntarily entered the plea and made the waiver."  *United States v. Cockerham*, 237 F.3d 1179, 1188 (10th Cir. 2001). The sentence did not exceed the statutory maximum.  The waiver and the sentence do not seriously affect the fairness, integrity, or public reputation of judicial proceedings.  See *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770 (1993); *Elliott*, 264 F.3d at 1173.  The enforcement of the appellate waiver does not result in a miscarriage of justice.

IV.  *Conclusion*

The appeal falls within the scope of the waiver, the defendant entered into the plea agreement knowingly and voluntarily, and the enforcement of the waiver does not result in a miscarriage of justice. The defendant has not show ineffective assistance of counsel in connection to the validity of the plea or the negotiation of the waiver, and the waiver is enforceable.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the defendant's motion for relief under the provision of 28 U.S.C. § 2255 (Doc. 125) be DENIED, and

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 be DENIED.

IT IS SO ORDERED this 29th day of May, 2007, at Wichita Kansas.


  s/ Wesley E. Brown_____
Wesley E. Brown
U.S. Senior District Judge