IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Crim. Case No.  04-10236-01-WEB |
| ) | Civ. Action No. 06-3282 |
| CURTIS K. GILLESPIE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter is before the court on a motion by defendant entitled "Motion for Relief From Judgment and/or Pursuant to Federal Rule of Civil Procedure 60(b)." Doc. 156.  After reviewing the file and the motion, the court concludes that the motion is actually a second or successive § 2255 motion.  For the reasons set forth below, the motion will be transferred to the U.S. Court of Appeals for the Tenth Circuit.

I.  *Background*.

After pleading guilty to a charge of conspiracy to possess methamphetamine with intent to distribute, defendant Curtis Gillespie was sentenced by this court to 151 months imprisonment.  Judgment was entered on October 5, 2005. Doc. 113.   No direct appeal was filed.

On October 6, 2006, defendant filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255.  The motion argued that defendant's counsel was ineffective for failing to make certain objections to the Presentence Report and for failing to consult with defendant about taking an appeal.  This court denied the § 2255 motion, finding defendant's arguments were within the

scope of the plea agreement's waiver of the right to appeal, that his guilty plea and his plea agreement were entered knowingly and voluntarily, and that defendant had not shown ineffective assistance of counsel in connection with the plea agreement or the waiver.  Doc. 134.  Defendant filed a notice of appeal from that ruling.  Doc. 140.  This court denied defendant's motions to proceed *in forma pauperis* and for a certificate of appealability.  Docs. 138, 148, 153.  Defendant's appeal was subsequently dismissed by the Tenth Circuit for lack of prosecution on September 17, 2008.

II.  *Motion for Relief under Rule 60(b).*

Defendant's current motion alleges that "his guilty plea was [involuntary], because he was induced by his counsel's misrepresentation as to what his sentence would be."  Doc. 156 at 3.  He also contends that his lawyer should have appealed his sentence.  *Id*.  Defendant argues this court erred by enforcing the waiver of the right to appeal.  He argues courts "must address issues as a whole and cannot simply deny a defendant on grounds he waive[d] his rights to pursue appeals or other relief available."  *Id*. at 4.  He asks the court "to address the issues stated herein,..."  *Id*.

As Judge Lungstrum noted recently in *United States v. Gasca*, 2008 WL 5046343 (D. Kan., Nov. 24, 2008):

> When faced with a Rule 60(b) motion in the context of habeas corpus proceedings, the court's first task is to determine whether the motion is a "true" Rule 60(b) motion, a second or subsequent motion for relief under 28 U.S.C. § 2255, or a hybrid of the two. *See Spitznas v. Boone*, 464 F.3d 1213, 1216-17 (10th Cir.2006). A motion is a "true" Rule 60 motion if it challenges only (a) a procedural ruling that precluded a determination of a habeas petition on the merits, or (b) the integrity of the proceedings used to adjudicate the petition. Id. at 1215-16. By contrast, a motion labeled a 60(b) motion is actually a second or subsequent § 2255

>petition if it reasserts a substantive basis for relief from the underlying sentencing and/or conviction. See id. at 1215.

The major portion of defendant's motion is a repetition of arguments that his counsel provided ineffective assistance in connection with sentencing and by not filing a direct appeal. Such arguments represent a second or successive § 2255 motion, which this court does not have jurisdiction to address. Before a prisoner may file a second or successive § 2255 motion, he must first seek and obtain an order from the court of appeals authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A). Under 28 U.S.C. § 1631, this court has authority to transfer such claims to the Court of Appeals "if it is in the interest of justice" to do so. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008). The court notes that defendant's failure to prosecute his previous appeal is unexplained in the current motion. After considering the relevant factors, the court concludes that the instant motion should be transferred to the Tenth Circuit.

Insofar as defendant's challenge to the court's previous enforcement of the appellate waiver can be construed to be a true Rule 60(b) motion, the court concludes that it must be denied. As this court noted in denying defendant's initial § 2255, defendant has failed to assert a colorable claim for ineffective assistance of counsel with regard to the plea agreement or the waiver, and his guilty plea was knowing and voluntary. As in *Gasca*, the defendant is simply asking the court "to reopen a collateral attack to which he is not entitled by virtue of his waiver,..." *Gasca*, 2008 WL 5046343, *3 (D. Kan., Nov. 24, 2008).

III. *Conclusion*.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Petitioner's motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) be treated as a second or

successive motion for relief under the provisions of 28 U.S.C. § 2255 (Doc. 156) and be

TRANSFERRED to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631; and

IT IS FURTHERED ORDERED that the Clerk of the Court shall forward a copy of defendant's

motion (Doc. 156) to the Clerk of the Tenth Circuit Court of Appeals.

    IT IS SO ORDERED this __13th__ Day of April, 2009, at Wichita, Ks.


                            s/Wesley E. Brown
                            Wesley E. Brown
                            U.S. Senior District Judge